UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUADALUPE R. GONZALEZ<br>1819 Ben Hogan Drive<br>El Paso, TX 79935,<br><br>        Plaintiff,<br><br>    v.<br><br>ALBERTO GONZALES<br>Attorney General<br>U.S. Department of Justice<br>Room 5111, Main Justice Building<br>10th and Constitution Ave., N.W.<br>Washington, DC  20530<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Electronic Filing<br>)  Civil Action No. 05-1934 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO DISMISS**

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The grounds for the motion are that the Attorney General filled two immigration judge vacancies by appointment without public announcement. Complaint at ¶ 19. The positions at issue were not open to public competition and Plaintiff never applied. Accordingly, she fails to make out a *prima facie* case of discrimination.

WHEREFORE, defendant moves the Court to dismiss this case.

Respectfully submitted:


_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant United States Attorney


_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUADALUPE R. GONZALEZ<br>1819 Ben Hogan Drive<br>El Paso, TX 79935,<br><br>          **Plaintiff,**<br><br>     v.<br><br>ALBERTO GONZALES<br>Attorney General<br>U.S. Department of Justice<br>Room 5111, Main Justice Building<br>10th and Constitution Ave., N.W.<br>Washington, DC  20530<br><br>          **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) **Electronic Filing**<br>) **Civil Action No. 05-1934 (EGS)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DMSMSISS**

        **A.**       **Procedural History**

Plaintiff is employed as Chief Counsel for the U.S. Immigration and Customs Enforcement ("ICE") by the Department of Justice, ("DOJ") in El Paso, Texas. She claims that she was not selected for two immigration judge positions in November 2004. She brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, claiming that defendant discriminated against her on the basis of national origin (Hispanic/Mexican American) and gender. Complaint at 4, 24.

In November of 2004, the DOJ appointed Robert Hough and Thomas Roepke (both white males) to fill two Immigration Judge positions in El Paso, Texas. Plaintiff filed with the DOJ an informal EEO Complaint in December of 2004, and a formal Complaint in April of 2005,

3

alleging that the DOJ discriminated against her based on her sex and Hispanic national origin by not selecting her for these positions. On June 24, 2005, the DOJ dismissed Plaintiff's Complaint, concluding that she failed to state a claim upon which relief could be granted. Specifically, Plaintiff did not identify a vacancy for which she applied and was not selected.

Plaintiff filed her Complaint in the U.S. District Court for the District of Columbia, raising the same allegations of sex and national origin discrimination. Plaintiff alleges that "use of the [Attorney General's] direct appointment authority coupled with a candidate referral list has a disparate impact on [her]...and all other minority and female applicants for Immigration Judge positions..." Complaint ¶ 43. Plaintiff's disparate impact claim should be dismissed because she did not assert a claim of disparate impact in her EEO Complaint.

### B.  Standard for Motion to Dismiss

In adjudicating a 12(b)(6) motion, the court should not dismiss a complaint unless a plaintiff can prove no set of facts justifying relief. *Kowal v. MCI Communications Corporation*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (internal citations omitted). To that end, the court construes the complaint liberally in the plaintiff's favor and grants all inferences that may be derived from the alleged facts. *Id.* However, the court need not accept inferences drawn by a plaintiff that are unsupported by the facts set out in the complaint. *Id.* The court also must not accept legal conclusions set forth in the guise of factual allegations. *Id.* Under Federal Rule 12(b)(6), the DOJ moves to dismiss the Complaint on the following grounds.

1.	**Discrimination Against Plaintiff Based on her Sex and National Origin**

To establish a *prima facie* case of discrimination, Plaintiff must show that: (1) she belongs to a protected class; (2) that she applied and was qualified for an available position; (3) that she was rejected despite her qualifications; and (4) that the employer continued to seek applicants who were no more qualified than plaintiff.  *See Stella v. Mineta,* 284 F.3d 135 (D.C. Cir. 2002) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  In this case, the DOJ filled the two vacancies without public announcement by appointing Hough and Roepke.  Complaint at ¶ 19.  Thus, the positions were not open to public competition and Plaintiff never applied.  *See id.*; *see also Hussain v. Principi*, 344 F.Supp.2d 86, 97 (D.C. Cir. 2004).  Accordingly, she fails to meet the second prong of a *prima facie* case of discrimination.

Plaintiff states that she indirectly indicated her interest in an El Paso Immigration Judge position by applying for another El Paso vacancy, which was announced in June of 2002 (the announcement was later cancelled after Immigration Judge Richard Ozmun transferred from Los Angeles to El Paso).  Complaint at ¶¶ 18-19.  Plaintiff thus avers it was incumbent on the DOJ to contact her regarding her continued interest.  *Id.* at ¶ 19.  However, this misconstrues the nature of the appointment authority and the excepted service.

The Attorney General has discretion under the appointment authority to appoint Immigration Judges without public competition.  The U.S. Code defines "Immigration Judge" as an attorney "*whom the Attorney General appoints* as an administrative judge within the Executive Office for Immigration Review."  8 U.S.C. § 1101(b)(4) (emphasis added); *see also* 8 C.F.R. § 1001.1(l) (2005).  Moreover, an agency head such as the Attorney General "may fill excepted positions by the appointment of persons without civil service eligibility or competitive

5

status and such persons shall not acquire competitive status by reason of such appointment." 5 C.F.R. § 6.3 (2005). Thus, the DOJ properly appointed Hough and Roepke to excepted service positions pursuant to the Attorney General's appointment authority.

In addition, the DOJ does not have to announce "excepted service" positions like the ones at issue. All civil service employees in the federal government's Executive branch, other than those in the Senior Executive Service, are either in the "competitive service" or the "excepted service." 5 U.S.C. §§ 2102(a)(1), 2103(a). Immigration Judges fall into the excepted service category because they are attorneys in the executive civil service. 5 C.F.R. § 213.3102 (2005). Excepted service employees are excused from the usual competitive process for obtaining federal employment. *Allen v. Heckler*, 780 F.2d 64, 65 (D.C. Cir. 1985) (*citing* 5 U.S.C. § 2103; 5 C.F.R. 213.101(a)). Accordingly, the mere fact that the DOJ did not advertise the El Paso Immigration Judge vacancies does not show discrimination. For these reasons, the Complaint does not state a claim of discrimination for which relief may be granted.

**2.    Disparate Impact**

Dismissal of Plaintiff's disparate impact claim is also appropriate. Only after exhausting administrative remedies can an aggrieved person bring a Title VII suit in district court. *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1366 (D.C. Cir. 1998). A Title VII lawsuit is limited to claims "like or reasonably related to the allegations of the charge and growing out of such allegations." *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir.1995). At a minimum, the Title VII claim must stem from "the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Id.* This level of specificity in the administrative charge serves the "important purposes of giving the charged party notice of the

claim and narrow[ing] the issues for prompt adjudication and decision." *Id.* (internal citation omitted). Along these lines, courts have held that plaintiffs failed to exhaust their administrative remedies by not raising disparate impact in their EEO complaints. *See e.g.*, *Woodman v. WWOR-TV, Inc.*, 293 F.Supp.2d 381, 390 (S.D.N.Y. 2003); *Stith v. Perto Systems Corporation*, 122 Fed.Appx. 115 (5th Cir. 2005) (unpublished); *Diersen v. Walker*, 117 Fed.Appx. 463 (7th Cir. 2004) (unpublished); *cf. Jones v. Ashcroft*, 321 F.Supp.2d 1 (D.C. Cir. 2004) (motion to dismiss denied because *pro se*, non-lawyer plaintiff could not be expected to plead disparate impact with specificity in the charge). In this case, Plaintiff–an experienced attorney–did not exhaust her administrative remedies by raising disparate impact in her EEO Complaint.

In addition, a *prima facie* case of disparate impact requires a showing of "policies or practices that are neutral on their face and in intent but that nonetheless discriminate in effect against a particular group." *Anderson v. Zubieta*, 180 F.3d 329, 339 (D.C. Cir. 1999) (internal citation omitted). In her Complaint, Plaintiff asserts that the DOJ's normal practice is to fill Immigration Judge vacancies through competitive announcement, and the bypassing of this process has a disparate impact on Hispanic females. This is misguided speculation. Of the 21 Immigration Judges appointed since the beginning of the Fiscal Year 2004 (October 1, 2003), 4 judges were appointed through a process involving a vacancy announcement and *17* were directly appointed. In other words, since October 1, 2004, the DOJ has filled the overwhelming majority of Immigration Judge vacancies through the Attorney General's appointment authority without competitive announcement. Indeed, in footnote 5 of the complaint, Plaintiff concedes that since 2004 most IJs were appointed through the Attorney General's direct hire authority rather than by use of a vacancy announcement. This is a legal and legitimate way to make hires in the excepted

service.  Thus Complainant has identified no hiring practice that would support a *prima facie* case of disparate impact.

Finally, the allegations in the Complaint do not show the level of statistical significance required to sustain a disparate impact claim.  In seeking to prove that facially neutral employment criteria fall more harshly on a protected group, plaintiffs may rely on statistical evidence tending to show that those criteria result in the "select[ion of] applicants for hire or promotion in a racial pattern significantly different from that of the pool of applicants."  *Berger v. Iron Workers Reinforced Rodmen*, 843 F.2d 1395, 1411-1412 (internal citations omitted).  The plaintiff cannot establish a *prima facie* case with statistics that are so flawed as to be meaningless.  *Id.* at 1413.  In the instant matter, there were only two vacancies, which the DOJ filled through the Attorney General's appointment authority.  The fact that two white males were appointed has no statistical significance.

### IV.  CONCLUSION

The DOJ filled the two El Paso excepted service Immigration Judge vacancies under the Attorney General's direct appointment authority.  Plaintiff cannot state a claim for relief on her discrimination claim because she never applied for the vacancies, which were filled non-competitively under the appointment authority.  Moreover, Plaintiff cannot state a claim for relief on her disparate impact claim because she failed to exhaust her administrative remedies, she has not identified a hiring practice, and the allegations in her Complaint involve only two vacancies.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant United States Attorney


_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332