UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUADALUPE R. GONZALEZ<br>1819 Ben Hogan Drive<br>El Paso, TX 79935,<br><br>             Plaintiff,<br><br>      v.<br><br>ALBERTO GONZALES<br>Attorney General<br>U.S. Department of Justice<br>Room 5111, Main Justice Building<br>10th and Constitution Ave., N.W.<br>Washington, DC  20530<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Electronic Filing<br>) Civil Action No. 05-1934 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### REPLY TO PLAINTIFF'S OPPOSITION
### TO MOTION TO DISMISS

Plaintiff is an immigration lawyer working for the U.S. Department of Homeland Security.  She brings this rather unusual Title VII action alleging that former Attorney General John Ashcroft should have appointed her to be an immigration judge in November 2004.  Complaint para. 7.  Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  The grounds for the motion were that the Attorney General filled two immigration judge vacancies by appointment without public announcement.  Complaint at ¶ 19.  The positions at issue were not open to public competition and Plaintiff never applied.  Accordingly, she fails to make out a *prima facie* case of discrimination.  Furthermore, Plaintiff's disparate impact claim should be dismissed because she did not assert a claim of

1

disparate impact in her EEO Complaint.

The Attorney General has discretion under the appointment authority to appoint immigration judges without public competition. The U.S. Code defines "Immigration Judge" as an attorney "*whom the Attorney General appoints* as an administrative judge within the Executive Office for Immigration Review." 8 U.S.C. § 1101(b)(4) (emphasis added); *see also* 8 C.F.R. § 1001.1(l) (2005). Moreover, an agency head such as the Attorney General "may fill excepted positions by the appointment of persons without civil service eligibility or competitive status and such persons shall not acquire competitive status by reason of such appointment." 5 C.F.R. § 6.3 (2005).

The Attorney General does not have to announce "excepted service" positions like the ones at issue. All civil service employees in the federal government's Executive branch, other than those in the Senior Executive Service, are either in the "competitive service" or the "excepted service." 5 U.S.C. §§ 2102(a)(1), 2103(a). Immigration judges fall into the excepted service category because they are attorneys in the executive civil service. 5 C.F.R. § 213.3102 (2005). Excepted service employees are excused from the usual competitive process for obtaining federal employment. *Allen v. Heckler*, 780 F.2d 64, 65 (D.C. Cir. 1985) (*citing* 5 U.S.C. § 2103; 5 C.F.R. 213.101(a)). Since October 1, 2004, the DOJ has filled the overwhelming majority of immigration judge vacancies through the Attorney General's appointment authority without competitive announcement. Indeed, in footnote 5 of the complaint, Plaintiff concedes that since 2004 most IJs were appointed through the Attorney General's direct hire authority rather than by use of a vacancy announcement.

In her opposition to defendant's motion, Plaintiff concedes "the authority of the Attorney General to make appointments under his statutory direct hire authority..." Opp. at 8. ("Ms. Gonzalez does not challenge the authority of the Attorney General to make appointments under his statutory direct hire authority.") For this reason alone, Plaintiff cannot make out a prima facie case of disparate impact in which a facially neutral employment practice results in a disproportionate impact on a particular group and which cannot be justified by business necessity. *International Broth. of Teamsters v. U.S.*, 431 U.S. 324, 336 n.15 (1977). Plaintiff has failed to identify any hiring practice that would support a *prima facie* case of disparate impact. More importantly, Plaintiff–an experienced attorney–did not exhaust her administrative remedies by raising disparate impact in her EEO Complaint. Courts have held that plaintiffs failed to exhaust their administrative remedies by not raising disparate impact in their EEO complaints. See e.g., *Woodman v. WWOR-TV, Inc.*, 293 F.Supp.2d 381, 390 (S.D.N.Y. 2003); *Stith v. Perto Systems Corporation*, 122 Fed.Appx. 115 (5th Cir. 2005) (unpublished); *Diersen v. Walker*, 117 Fed.Appx. 463 (7th Cir. 2004) (unpublished); *cf. Jones v. Ashcroft*, 321 F.Supp.2d 1 (D.C. Cir. 2004) (motion to dismiss denied because *pro se*, non-lawyer plaintiff could not be expected to plead disparate impact with specificity in the charge).

In deciding a motion to dismiss, the court need not accept inferences drawn by a plaintiff that are unsupported by the facts set out in the complaint. *Kowal v. MCI Communications Corporation*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Plaintiff states that it is her belief that Hispanics are under represented in the group of immigration judges hired nationwide, but she fails to address what percentage of Hispanics (or Hispanic female attorneys) have the requisite experience and interest in the position of immigration judge. Without information about the

relevant labor pool, the fact that only 2 out of 40 immigration judges are Hispanics (if true) is not significant.  In addition, statistically speaking, any deviation between the number of Hispanics in society and the number of Hispanics hired to be immigration judges post-2001 may have occurred purely by chance and may not be probative of discrimination.  Thus, the fact that plaintiff has a personal belief that Hispanics are under represented as immigration judges is meaningless, as is the fact that two white males were selected to be immigration judges in 2004.  Plaintiff's beliefs unsupported by facts do not provide the necessary factual underpinnings for a prima facie case of discrimination.  The plaintiff cannot establish a *prima facie* case with statistics that are so flawed as to be meaningless.  *Berger v. Iron Workers Reinforced Rodmen*, 843 F.2d 1395, 1413 (D.C. Cir. 1988).

Plaintiff alleges, in effect, that John Ashcroft had constructive notice that she was a qualified candidate to be an immigration judge in 2004 solely by virtue of her position as one of approximately 26 chief counsels of the U.S. Immigration and Customs Enforcement Agency ("ICE") in the Department of Homeland Security, and because she applied to be an immigration judge in 2002.  Complaint; Opp. at 2.  By making this argument plaintiff contrives to analogize her facts with those in *Underwood v. District of Columbia Armory Board,* 58 Fair Empl. Prac. Cas. (BNA) 45 (D.D.C. 1992);1992 U.S. Dist. LEXIS 1297 (February 10, 1992) at *4-*8, and in *McCormick v. District of Columbia Armory Board*, 816 F.2d 769 (D.C. Cir. 1987), which are inapposite.  Those cases each involve events in a small organization in which the plaintiff was denied an internal promotion, in contrast to an appointment for a judgeship in the instant case.  In *Underwood*, the plaintiff was well known to the selecting official because they worked together on a daily basis for many years.  And in *McCormick*, the denial of an opportunity to advance by a

promotion was only one of a series of adverse personnel actions taken against the plaintiff over a four year period.

In contrast, Plaintiff was not an employee of the Department of Justice at the time of the 2004 selections at issue and has never been employed by the Executive Office for Immigration Review where the vacancies occurred. Unlike the plaintiffs in *Underwood* and *McCormick*, Plaintiff has pled no facts to indicate that she did anything to promote her interest in an immigration judge position other than apply for a vacancy announcement that was canceled in 2002. Furthermore, Plaintiff has pled no facts that, if true, would show that Attorney General Ashcroft was aware of her interest in being an immigration judge. Thus, Plaintiff's reliance on these cases is misplaced.

## IV.  CONCLUSION

The DOJ filled the two El Paso excepted service immigration judge vacancies under the Attorney General's direct appointment authority which Plaintiff does not challenge. The positions were never advertised and Plaintiff never applied for the vacancies, which were filled non-competitively under the appointment authority. Moreover, plaintiff failed to exhaust her administrative remedies, and she has not identified a suspect hiring practice that affects Hispanic females disproportionately.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant United States Attorney


_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332