UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUADALUPE R. GONZALEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALBERTO GONZALES, )<br>Attorney General, )<br>)<br>Defendant. )<br>_____) | Case No. 05-1934 (EGS) |

ANSWER TO COMPLAINT

Comes now the Defendant, Alberto Gonzales, sued in his official capacity as Attorney General, by and through the undersigned counsel, and in answer to plaintiff's Complaint admits, denies and alleges, as follows:

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

Defendant responds to the separately numbered paragraphs and prayers for relief as follows:

Introduction

1. Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964 against Alberto Gonzales, Attorney General of the United States in his official capacity only. Defendant denies the remainder of paragraph 1.

Parties

approximate number of years of experience. Defendant is without sufficient information to admit or deny Plaintiff's characterization of her reputation and employment record.[1]

3.  Admit.

### Jurisdiction

4.  This paragraph contains Plaintiff's statement concerning jurisdiction, and not an averment of fact to which an answer is required, but insofar as an answer may be deemed required, deny.

5.  This paragraph contains Plaintiff's statement concerning jurisdiction, and not an averment of fact to which an answer is required, but insofar as an answer may be deemed required, deny.

6.  Defendant admits the statements in paragraph 6 except to deny that Plaintiff exhausted administrative remedies as to her claims.

### Statement of Facts

7.  Deny.

### Plaintiff's Protected Class Status

8.  Admit the first sentence of paragraph 8. Defendant is without sufficient information to admit or deny where Plaintiff was born and/or raised.

### Plaintiff's Qualifications

9.  Defendant is without sufficient information to admit or deny Plaintiff's bar membership and court admission and Plaintiff's education.

10. Defendant is without sufficient information to admit or deny Plaintiff's

---

[1] Defendant admits the first sentence of footnote 1 of the Complaint. Defendant is without sufficient information to admit or deny the remainder of the footnote.

employment history.

11. Defendant is without sufficient information to admit or deny Plaintiff's employment history.

12. Defendant is without sufficient information to admit or deny Plaintiff's employment history.[2]

13. Defendant is without sufficient information to admit or deny Plaintiff's employment history.

14. Defendant is without sufficient information to admit or deny ICE responsibilities or Plaintiff's responsibilities as ICE counsel.

15. Defendant admits this paragraph except to deny that her appointment as a SAUSA is unusual.

16. Defendant is without sufficient information to admit or deny Plaintiff appointment to SES position and OPM certification.

17. Defendant is without sufficient information to admit or deny Plaintiff's performance level or awards.[3]

18. Defendant admits that Plaintiff applied for Immigration Judge position in El Paso in 2002 and that vacancy announcement was cancelled and that Immigration Judge Ozmun was transferred to El Paso. Defendant denies any remaining allegations in paragraph 18.

19. Defendant admits that Defendant did not contact Plaintiff about an IJ position and

---

[2] Defendant is without sufficient information to admit or deny the contents of footnote 2 of the Complaint.

[3] Defendant is without sufficient information to admit or deny the contents of footnote 3 of the Complaint.

that Hough and Roepke were interviewed for an IJ position. Defendant is without sufficient information to admit or deny whether Plaintiff had a continued interest in the position. Defendant denies the remainder of paragraph 19.

### Normal Announcement Procedure

20. Admit.

21. Defendant admits description of Immigration Judge position. Defendant denies requirement of seven years post-bar legal experience equivalent to the GS-15 level. Defendant denies that the additional qualifications are required when the Attorney General exercises his authority to make a direct appointment without a vacancy announcement.[4]

22. Deny.[5]

23. Admit Defendant did receive a referral list and did interview the two individuals selected and referred them back to the Attorney General. Deny second sentence. Deny third sentence.

### Direct Appointment

24. Defendant admits the allegations in paragraph 24 except to deny appointments were made in November 2004.

### Plaintiff's Non-Selection Allegation

25. Defendant denies the allegations in paragraph 25.

26. Defendant is without sufficient information to admit or deny Plaintiff's the

---

[4] Defendant denies the contents of footnote 4 Complaint.

[5] Defendant admits that vacancy announcements for Detroit and San Francisco were advertised to the public in 2004 but denies that these were the only two advertised that year. Defendant denies the remainder of this footnote.

allegations in paragraph 26 except to deny that Plaintiff had greater experience practicing before the EOIR or greater legal expertise than either selectee. Defendant admits the last sentence in paragraph 26.

27.     Defendant admits the allegations in paragraph 27 except to deny the first sentence and last sentence. [6]

**Plaintiff's Pretext Allegation**

28.     Defendant is without sufficient information to admit or deny the allegations in paragraph 28.

29.     Defendant is without sufficient information to admit or deny this allegation, except as to deny the last sentence.

30.     Defendant admits the first sentence of paragraph 30. Defendant denies the second and third sentences. Defendant is without sufficient information to admit or deny the remainder of paragraph 30.

31.     Defendant is without sufficient information to admit or deny this allegation for the first sentence. The remainder of paragraph 31 appears to be part of Plaintiff's statement of the case to which no answer is required, insofar as an answer is deemed necessary, denied.

32.     Defendant admits the first and second sentences of paragraph 32. Defendant is without sufficient information to admit or deny the allegations in the third, fourth, fifth, sixth and seventh sentences of paragraph 32. Defendant denies the remainder of the allegations in paragraph 32.

33.     Deny.

---

[6]Defendant denies the contents of footnote 6 of the Complaint.

34. Defendant is without sufficient information to admit or deny the allegations in the first, second, third and fourth sentences of paragraph 34. Defendant admits that Roepke has substantial litigation experience in sentence five and denies the remainder of sentence five. Defendant denies Plaintiff's characterization of Hough's professional experience in sentence six, which appears to be part of Plaintiff's statement of the case.[7]

35. Defendant denies the first sentence. Defendant is without sufficient information to admit or deny the allegations of the second, third and fourth sentences.

36. Defendant is without sufficient information to admit or deny this allegation of the first, second, third, fourth and fifth sentences. Defendant denies the sixth and seventh sentences.[8]

37. Deny.

38. Defendant is without sufficient information to admit or deny.[9]

39. Defendant admits the first sentence except to aver that Defendant is without sufficient information to admit or deny the percentage of Hispanic individuals in El Paso. Defendant denies the remainder of the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Deny.

42. Deny.

---

[7]Defendant denies the allegations of this footnote except to admit that Marsha Nettles was selected for an IJ position in Detroit pursuant to vacancy announcement EOIR No. 04-0038 and admits that IJ Nettles is African-American.

[8]Defendant denies the content of footnote 8 of the Complaint.

[9]Defendant denies the allegations contained in footnote 9 of the Complaint.

43. Deny.

44. The allegations set forth in this paragraph and in sub paragraphs (a)-(g) constitute Plaintiff's prayer for relief, that do not require response to the extent a response is deemed necessary Defendant denies that Plaintiff is entitled to the relief demanded in this complaint or any relief whatsoever. Defendant avers, however, that Plaintiff's request for damages is limited by 42 U.S.C. § 1981a(b)(3) and 5 U.S.C. § 5596. Defendant hereby denies all the allegations of this complaint not specifically expressly admitted herein. Defendant reserves the right to amend his Answer should facts learned in discovery so warrant. Defendant also reserves the right to assert any other matter that constitutes an affirmative defense under Fed. R. Civ. P. 8(c).

## JURY DEMAND

Paragraph 45 sets forth Plaintiff's demand for a jury trial to which no response is required. Wherefore, Defendant requests that judgment be entered, that Plaintiff take nothing and the Defendant be granted such other relief to which he may be entitled.

Respectfully Submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
CHARLOTTE A. ABEL, DC Bar #388582
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., 10th Floor
Washington, D.C. 20530
(202) 307-2332