UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
GUADALUPE R. GONZALEZ,        )
                              )
        Plaintiff,            )
                              )
    v.                        )     Civ. No. 05-1934 (EGS)
                              )
ALBERTO GONZALES              )
Attorney General              )
U.S. Department of Justice,   )
                              )
        Defendant.            )
                              )
```

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

The parties, by and through undersigned counsel, hereby submit the following Joint Report Pursuant to Local Rule 16.3, and state as follows:

    1.   The parties do not agree that the case may be disposed of by dispositive motion.  Plaintiff notes that Defendant's initial dispositive motion has been denied and does not currently believe that the case can be settled by dispositive motion.  However, Plaintiff reserves the right to file a dispositive motion in future.  Defendant believes this case can be resolved by dispositive motion.

    2.   The parties believe the deadline for seeking leave to join parties or amend the pleadings should be within 60 days after the Court's Scheduling Order.

    3.   The parties do not agree to assignment of the case to

a Magistrate Judge for all purposes.

    4.    The parties are open to discussion of settlement at this time.

    5.    The parties have discussed the possibility of ADR with their clients. Plaintiff believes that settlement discussions with a Magistrate Judge are preferable to ADR.

    6.    The parties disagree over whether this case can be decided on summary judgment. The parties propose that dispositive motions be filed within 60 days after the close of discovery, with oppositions due 60 days thereafter, and replies due 30 days after oppositions.

    7.    The parties do not stipulate to dispense with initial disclosures required by Rule 26(a)(1) but request that the deadline for serving initial disclosures be extended to 30 days after the Rule 26(f) conference (on or before November 18, 2006).

    8.    The parties anticipate that discovery will last six months. The parties agree that the presumptive limits on discovery stated in the Federal Rules of Civil Procedure should apply in this case, specifically 10 depositions per party (Fed. R. Civ. P. 30(a)(2)(A)); 25 interrogatories per party (Fed. R. Civ.33(a)); and 25 Requests for Production of Documents.

Defendant believes that Requests for Admissions should be limited to 25 Requests and should be limited to the discovery period. Plaintiff believes there should be no limits on Requests for Admissions (as provided in the Federal Rules of Civil Procedure), or if a limit must be imposed, that the limit be 50 Requests for Admissions. Plaintiff will seek a Protective Order if Defendant requests Plaintiff's medical or financial records. Likewise, Defendant will seek a Protective Order if Plaintiff seeks employment records or confidential information for any other employees or applicants during discovery.

    9.   Both parties anticipate that they may call an expert witness. The parties agree that expert witness reports should be due 60 days after the commencement of discovery, and opposing reports due 130 days after the commencement of discovery.

    10.   This is not a class action.

    11.   Plaintiff maintains that there is no need to bifurcate the case in discovery or at trial. Defendant reserves the right to request a trial bifurcated between liability and damages.

    12.   The date for the pretrial conference should be set within 60 days after the date on which the Court rules on any post-discovery dispositive motions, or, if no dispositive motion is pending, 60 days after such a motion would have been due.

13. The parties agree that the trial date should be set at the pretrial conference.

14. Plaintiff anticipates that, since Defendant has invoked the Attorney General's direct hire authority as a legitimate non-discriminatory reason for the selections in this case, that Plaintiff may need to take the deposition of former Attorney General John Ashcroft and one or more of his deputies. Defendant may move for a Protective Order.

                      Respectfully submitted,

| /s/ | /s/ |
|---|---|
| JOSEPH D. GEBHARDT | JEFFERY A. TAYLOR |
| D.C. Bar #113894 | D.C. Bar #498610 |
| CHARLES W. DAY, JR. | United States Attorney |
| D.C. Bar #459820 | |
| GEBHARDT & ASSOCIATES, LLP | |
| 1101 17th Street, N.W. | /s/ |
| Suite 807 | CHARLOTTE A. ABEL |
| Washington, DC 20036-4716 | D.C. Bar #388582 |
| (202) 496-0400 | Assistant United States Attorney |
| | 555 4th Street, N.W. |
| Attorneys for Plaintiff | Washington, DC 20001 |
| | (202) 307-2332 |
| | |
| | Attorneys for Defendant |

4